BURCHFIELD *v.* BANKS.

4-6293 149 S. W. 2d 551

Opinion delivered April 7, 1941.

*Ezra Garner,* for appellant.

*B. E. Isbell* and *E. D. Edwards,* for appellee.

GRIFFIN SMITH, C. J.   Herman Burchfield and Mattie Sue Robinson sought to have J. N. Banks and others ejected from certain lands.[1]

G. L. Burchfield (appellants' father) conveyed the lands to C. T. Fincher in trust to secure a loan of $320 made by Bank of McNeil June 13, 1932.   Prior to the debtor's death in 1936 the bank became insolvent and its affairs were administered by Marion Wasson, state bank commissioner.   May 25, 1934, Wasson filed complaint, alleging it was the intent of Burchfield to convey to the trustee "the northwest quarter of the southeast quarter, less two and one-half acres in a square in the southwest corner thereof, and all of that part of the northeast quarter of the southeast quarter lying north of the St. Louis Southwestern Railroad Company running through said forty, containing 28½ acres, more or less, all in section nine, township sixteen south, range twenty west."   On account of a clerical misprision the

---

[1] In his answer Banks alleged ownership of the lands.   At the same time he filed cross-complaint for the purpose of having a defective description corrected.   The cause was thereupon transferred to chancery.

land was described as shown in the footnote.[2] Summons was served on Burchfield January 20, 1935. There was a prayer for foreclosure.

April 22, 1935, it was decreed that the corrections be made, one of the recitals being that the lands were in range twenty west. The direction to sell contained the description set out in the second paragraph of this opinion, except that the lands were referred to as being in range "twenty-two west. The notice of sale gave the range as twenty-two west, as did the commissioner's report and deed. June 13, 1935, the court confirmed.

January 25, 1937, Wasson, bank commissioner, and Fincher, trustee, petitioned for an order, *nunc pro tunc,* to show that the lands were in range twenty. No action was taken by the court on this petition.

June 29, 1936, the bank commissioner, by deed, conveyed the lands to J. L. Banks, describing them as being in range twenty west.

The record contains a stipulation that when the trust deed was executed and at the time it was sought to have the description corrected, and also at the time of foreclosure, G. L. Burchfield did not own land in section nine, township sixteen south, range twenty-two west. It was also stipulated that if present Herman Burchfield would testify that in 1937 he went to an abstracter's office in Magnolia ''to examine the title to his father's lands,'' and that the abstract records did not show a commissioner's deed or sale of lands belonging to G. L. Burchfield, in section nine, township sixteen, range twenty west.

The chancellor found that the trust deed foreclosed in 1935 correctly described the lands G. L. Burchfield owned; that the substitution of ''range twenty-two west'' for ''range twenty west'' was a typographical error, and that the correction should be made.

We agree. The evidence is clear and convincing.

---

[2] Twenty-eight and a half acres in the northeast quarter of the southeast quarter sec. 9, twp. 16, range 20, and 37½ acres in the northwest quarter of southeast quarter of sec. 9, twp. 16, range 20 west, containing in all 66 acres, more or less.

Appellants complain that they were not made parties to the suit filed by Wasson in which the order, *nunc pro tunc,* was asked. There was no action on this petition. The fact that G. L. Burchfield had been dead five months when the action was attempted cannot adversely affect appellants in a cause that remained dormant.

The instant suit was brought by appellants and the adverse decree was rendered on appellees' cross-complaint. There is testimony that G. L. Burchfield stated that he did not intend to "pay any attention" to the foreclosure suit.

Essence of the transactions is that the decree of foreclosure correctly described the lands, but because of subsequent errors they were referred to as being in range twenty-two west.

Since Burchfield did not own property in range twenty-two west, he was not misled in respect of the proceedings, and his heirs stand in no better position than did he. The purchaser acquired the property intended by all parties to be sold, and it passed beyond reach of the heirs before oil developments created new values and suggested the desirability of redemption. The right of redemption was waived in the trust deed.

There is no merit in appellants' contentions.

Affirmed.