MRS. EARL DOOLEY ET AL *v.* WILMER WELCH ET AL

4262

Opinion delivered September 25, 1967

*Wayne Jewell,* for appellants.

*J. S. Brooks* and *R. H. Peace,* for appellees.

CONLEY BYRD, Justice. This litigation was commenced by appellees Wilmer Welch *et ux* against appellant Mrs. Earl Dooley to determine the west boundary line of the Welch property and the east boundary line of the Dooley property. After Mrs. Dooley's answer was filed, appellees Jewell Darden *et ux* filed an intervention to reform a deed, claiming a one-acre tract lying within the lands claimed by Mrs. Dooley in her answer. Appellant Marvin Darden, Jewell Darden's grantor, was made a party defendant to the intervention. W. T. Darden, father of Mrs. Dooley, Marvin Darden and Jewell Darden, was also an uncle of appellee Wilmer Welch and is the common source of title of all lands involved.

The trial court awarded appellees Wilmer Welch *et ux* the lands described in their deed, (which they had received by mesne conveyances from W. T. Darden), subject to a 15-foot easement for the purpose of ingress

to Mrs. Dooley's home, and directed that Mrs. Dooley's house, which encroached on the lands, be removed. In the controversy between Jewell Darden and Mrs. Dooley and Marvin Darden, the court reformed the deed to describe the lands in Section 26 instead of Section 35 as set out in the deed. Mrs. Dooley and Marvin Darden have appealed.

In the boundary dispute between the Welches and Mrs. Dooley, the testimony shows that W. T. Darden conveyed to one Bert Wilson, by metes and bounds description, the land now owned by Wilmer Welch; and that, by the same metes and bounds description, Bert Wilson conveyed to the Welches in 1959. After Bert Wilson took possession of the property he constructed a fence approximately 35 feet east of his west boundary. The fence still existed at the time of the trial. Mrs. Dooley acquired her property in 1962 through Marvin Darden, (who had acquired it under his father's will), by deed which described the lands as the fractional $SE\frac{1}{4}$, $SE\frac{1}{4}$ Sec. 26, T 17, R 17, containing 8 2/3 acres. Mrs. Dooley caused F. M. Methvin, the County Surveyor, to survey her lands in 1963, using the fence line as the boundary. Thereafter she tore down the old Darden home and rebuilt her present home, which encroaches some five feet on the metes and bounds description contained in the Wilmer Welch deed.

With the record showing the conveyance of the Welch lands by the metes and bounds description, the burden was cast upon Mrs. Dooley to show her alleged adverse possession. Obviously, she has not had possession long enough for the seven-year statute to run, and the record is void of testimony that anyone held adversely to the Welches prior to the time Mrs. Dooley received her deed. The use of the premises for a roadway by Mrs. Dooley and her predecessors would give them only a right of prescription for roadway purposes, and this was recognized in the trial court's decree. Therefore we affirm the chancellor's decree as to the boundary dispute.

Regarding the reformation of the deed, appellants contend that the court erred in awarding to intervenors the one acre of land out of the tract purchased by Mrs. Dooley without notice of intervenors' claim, and that the trial court should have awarded the intervenors judgment against appellant Marvin Darden.

There is ample testimony, corroborated by persons not party to the litigation between intervenors and appellants, to show that the intervenors paid Marvin Darden $100 for the acre of ground; that the acre was stepped off in Section 26; that the intervenors cleaned up the bushes; and that Marvin Darden owned no land in Section 35 which would fit the description contained in the deed but that he did own lands in Section 26 where the one acre was stepped off. With respect to appellants' contention, they are met with the facts that lack of notice or knowledge on Mrs. Dooley's part was not pleaded; that nothing in the record showed that Mrs. Dooley had actually taken possession of any part of the lands other than that where her house was located; that the description in her deed was void for indefiniteness; and further, that it was shown by Marvin Darden's testimony that he was still exercising some control and possession over the premises within the last two or three years—he having done some fencing.

It is true that Marvin Darden testified definitely that he intended to convey one acre in a square in the northeast corner of Section 35, but in reading all of his testimony it is observed that he could not remember how old he was, whether his father had conveyed the land in Section 35 prior to his death, and that he did not know whether he owned Section 35 at the time the deed was made. In view of the fact situation in which Marvin Darden testified, the chancellor could properly have disregarded his testimony as being untrustworthy. Consequently, we hold that there was sufficient evidence to support the reformation of the deed. *Burchfield* v. *Banks*, 202 Ark. 209, 149 S. W. 2d 551 (1941).

Appellants are concerned because Mrs. Dooley has been ordered to remove the encroachment of her house from the Welches' property. We need not decide here how the trial court should enforce its order, but we do point out that the Welches in their brief indicate that, since the encroachment is within the 15-foot easement awarded Mrs. Dooley, it will not be necessary to relocate the house.

Affirmed.